UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v.      Case No. 4:08-CR-00116-01 GTE | |
| DAN WHITT | DEFENDANT |
| v. | |
| HANDLEMAN COMPANY | GARNISHEE |

## ORDER

A dispute has arisen in this closed criminal case over who is entitled to Defendant Dan Whitt's interest in pension funds held in a Plan administered by Handleman Company ("Handleman"). Handleman's interest in the funds is based on its role as the victim of Whitt's criminal conviction for conspiracy to commit money laundering and as the beneficiary of a restitution Order entered by the Honorable Nancy G. Edmunds of the Eastern District of Michigan in imposing sentence on Whitt.

This Court has no knowledge of Whitt's criminal case or the restitution Order underlying the present dispute. This Court accepted post-conviction jurisdiction of this case solely for the purpose of permitting Whitt to complete his supervised release in Arkansas. More specifically, on November 6, 2007, this Court signed an Order accepting jurisdiction from the Eastern District of Michigan over Defendant Whitt's uncompleted term of supervised release ("Transfer Order").[1] The Transfer Order reflects that supervised release began on December 30, 2005, and ended on December 29, 2008. The United States Probation Office confirms that Defendant Whitt

---

[1] The Transfer Order was not docketed until March 28, 2008. See docket entry # 1.

successfully completed his term of supervised release on December 29, 2008.

On September 9, 2010 (20 months after Whitt's supervised release terminated), the United States filed an application for Writ of Garnishment seeking to garnish Whitt's interest in pension plan funds held by Handleman.[2] In objecting to the United States's garnishment application, Whitt requested a transfer of the case back to the Eastern District of Michigan.[3] Whitt states that he resides in the Eastern District of Michigan, that all potential witnesses for any hearing on the disputed issues reside in Michigan, and that the Judge who issued the restitution Order and who knows the most about the case is located in Michigan.

In a filing on October 8, 2010, the Government opposed a transfer back to Michigan. For cause, it argued that Whitt had not established a legal residence in Michigan and that no fairness or due process concerns existed to support a transfer. At that time, the United States contended that the issues could be decided on the pleadings and that no hearing was necessary.[4]

On January 24, 2011, Handleman filed a response opposing Whitt's objections and endorsing the Government's request to stand in the shoes of Whitt and to garnish 100% of Whitt's pension benefits held by Handleman.[5]

On March 11, 2011, Whitt filed a reply to Handleman's response.[6] Whitt opposes Handleman's request and argues that he should be allowed to retain his monthly pension.

---

[2] Docket entry # 2.

[3] Docket entry # 5.

[4] Docket entry # 6, at p. 4.

[5] Docket entry # 11.

[6] Docket entry # 16.

Also on March 11, 20011, the Government filed a motion for hearing.[7] The Court agrees that a hearing should be held promptly to resolve the dispute. The Court further concludes that Defendant Whitt's transfer request should be granted. This Court has no knowledge of Whitt's criminal case or the underlying restitution Order. Whitt and Handlemann[8] are located in Michigan. Whitt's earlier assertion that all witnesses likely to testify at a hearing are located in Michigan has not been disputed.

In conclusion, Arkansas appears to have no connection whatsoever to the present dispute. Michigan is the most convenient forum for Whitt and any witnesses who will need to appear for a hearing. Additionally, the Eastern District of Michigan, as the district where the offense was committed, the crime adjudicated, and restitution ordered, has an interest in the resolution of the dispute.

### Conclusion

Because the issues before the Court should be resolved in Michigan, the Clerk of the Court is hereby directed to <u>immediately</u>[9] transfer this case back to the Eastern District of Michigan.

IT IS SO ORDERED this 15th day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[7]Docket # 15.

[8]Handleman, a Michigan corporation, is in the process of winding down its business affairs under a plan of liquidation approved by its shareholders on October 1, 2008.

[9]Time is of the essence.